**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MICHAEL HORTON,**

                    **Petitioner,**           **No. 06-cv-0163
                                                                (GLS-DRH)**

          **v.**

**ROBERT ERCOLE,** *Superintendent of
Green Haven Correctional Facility,*

                    **Respondent.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**FOR THE PETITIONER:**
MICHAEL HORTON
*Pro Se*
02-A-3751
Green Haven Correctional Facility
Stormville, New York 12582

**FOR THE RESPONDENT:**
HON. ANDREW M. CUOMO          LISA E. FLEISCHMANN, ESQ.
New York Attorney General
120 Broadway
New York, New York 10271

**Gary L. Sharpe
U.S. District Judge**

## DECISION AND ORDER

### I. Introduction

On February 6, 2006, Michael Horton filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, challenging his New York State conviction and sentence for assault (two counts) and criminal use of a firearm. (*See* Dkt. No. 1.) Horton's petition was referred to Magistrate Judge David R. Homer for report and recommendation. On December 10, 2007, Judge Homer issued a Report-Recommendation and Order ("R&R") recommending that the petition be denied. (*See* Dkt. No. 12.)[1] Pending are Horton's written objections ("Objections") to the R&R. (*See* Dkt. No. 14.) Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the R&R.

## II. Discussion

Horton seeks a writ of habeas corpus on the grounds that: (1) the evidence supporting his conviction was legally insufficient; (2) the verdict was against the weight of the evidence; (3) the sentence imposed was excessive, cruel and unusual; and (4) trial counsel was ineffective. Judge Homer found that none of these contentions warranted granting the requested relief. In light of Horton's specific objections to many of Judge

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

Homer's recommendations, the court has reviewed the majority of the R&R *de novo*, with the two exceptions noted in footnote 2. *See Almonte v. N.Y. State Div. of Parole,* No. 9:04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).[2]

## A.  Sufficiency of the Evidence

Horton objects to that portion of the R&R that rejects his argument that there was insufficient evidence that he was the shooter or that both shooting victims were subjected to a substantial risk of death. Judge Homer concluded that these sufficiency of the evidence claims were procedurally barred because they were not presented to the New York Court of Appeals, and Horton did not demonstrate cause for the default and resulting prejudice, nor, failing that, did he demonstrate that failure to review the claims would result in a fundamental miscarriage of justice.

---

[2] Horton concedes that Judge Homer correctly concluded that the evidence was sufficient to sustain his conviction for the assault of Muneer Simms. (*See* Objections at p. 3; Dkt. No. 14 ("I do not further challenge count 5 of the indictment.").) In light of Horton's decision not to object to Judge Homer's conclusion in this regard, the court has reviewed that portion of the R&R for clear error. *See Almonte*, 2006 WL 149049, at *6-7. Finding no error, the court adopts the R&R to the extent that it recommends denial of Horton's sufficiency of the evidence claim concerning his conviction for the assault of Muneer Simms.

   Additionally, Horton has not objected to that portion of the R&R that concludes that trial counsel was not rendered ineffective by his failure to request a missing witness instruction and failure to challenge the prosecution's failure to present exculpatory evidence to the grand jury. Finding no clear error in these conclusions, the court adopts the R&R to the extent that it recommends denial of these ineffective assistance of counsel claims on the merits.

(*See* R&R at p. 12-14; Dkt. No. 12.)  Upon *de novo* review, the court concurs with Judge Homer's conclusions.

In his Objections, Horton contends that Judge Homer erroneously concluded that he did not argue on direct appeal that the evidence was insufficient to sustain his conviction.  (*See* Objections at pp. 3-4; Dkt. No. 14.)   In support of this view, however, Horton cites portions of his state appellate brief in which it was argued that the conviction went against the weight of the evidence.  (*See id.*)  Weight of the evidence claims are different from sufficiency of the evidence claims, and Judge Homer properly analyzed the two claims separately.  *See Stein v. Artus,* No. 04-cv-0439, 2007 WL 2778914, at *7 (N.D.N.Y. Sept. 19, 2007).  Horton does not point to any evidence that he made a sufficiency of the evidence argument on direct appeal.

Moreover, Judge Homer concluded that even if the claims were not procedurally barred, they lacked merit.  The court concurs with this conclusion as well, because the evidence adduced at trial was sufficient to establish that Horton intended to cause serious physical injury to Kode Sealey, that he did so by use of a deadly weapon, and that he was the actual perpetrator.

Accordingly, the court adopts the R&R to the extent that it recommends denial of habeas relief on the grounds of insufficiency of the evidence.

**B.   Weight of the Evidence**

Although Horton argues in his Objections that his conviction was against the weight of the evidence, he does not address Judge Homer's determination that weight of the evidence claims are not cognizable on habeas review.  Nevertheless, upon *de novo* review, the court agrees that weight of the evidence claims are grounded in state criminal procedure, and are therefore not cognizable on federal habeas review.  *See Hogan v. Superintendent of Livingston Corr. Facility,* No. 05-cv-6440, 2007 WL 2907322, at *8 (W.D.N.Y. Oct. 3, 2007).  Accordingly, the court adopts the R&R to the extent that it recommends denial of habeas relief on the grounds that the verdict was against the weight of the evidence.

**C.   Sentence**

In his Objections, Horton argues that Judge Homer erroneously concluded that his sentence was not harsh and excessive and did not violate his Eighth Amendment rights.  Upon *de novo* review, the court

5

agrees with Judge Homer that Horton is not entitled to any relief, because although he was sentenced to the maximum term for each crime, his sentence is within the range prescribed by state law. *See White v. Keane,* 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law.").

In *People v. Laureano,* 87 N.Y.2d 640 (N.Y. 1996), cited by Horton, the Court of Appeals held that "sentences imposed for two or more offenses may not run consecutively: (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other." *Id.* at 643 (citations omitted). Thus, contrary to Horton's contention, consecutive sentences were permissible on the two assault charges because Horton fired two shots and different bullets hit Sealey and Simms. *See People v. Brown,* 80 N.Y.2d 361, 364 (N.Y. 1992) ("[T]rial courts retain consecutive sentence discretion when separate offenses are committed through separate acts, though they are part of a single transaction."). Additionally, to the extent that Horton argues that the sentencing judge enhanced his sentence based on impermissible considerations, Horton has not identified the considerations to which he

6

objects. It is not enough for Horton to simply state the legal proposition that the "Sixth Amendment . . . prohibits the sentencing judge from enhancing a defendant's sentence based on facts that: (1) are not found by the jury beyond a reasonable doubt; (2) are not facts of a prior conviction; (3) are not contained in defendant's guilty plea; (4) are not admitted by defendant; and (5) are not reflected by the jury's verdict." (Objections at pp. 11-12; Dkt. No. 14.) Instead, to prevail on his petition Horton must explain how his rights were violated, in other words, which improper factors the sentencing judge considered, and why they were improper. *See Whitaker v. Meachum,* 123 F.3d 714, 716 (2d Cir. 1997) ("It is well-settled that on federal collateral review, the petitioner bears the burden of proving that his constitutional rights were violated.").

Accordingly, the court adopts that portion of the R&R recommending denial of habeas relief on the grounds that Horton's sentence was harsh and excessive.

**D.     Effectiveness of Trial Counsel**

Horton claims that trial counsel was ineffective because counsel did not pursue a justification defense, did not request a missing witness instruction, and did not object to the prosecution's failure to present

7

exculpatory evidence to the grand jury.  (*See* Ex. B to Petition; Dkt. No. 1.) Judge Homer determined that because Horton did not raise his ineffective assistance claim on direct appeal, and because the state court denied this claim on collateral review pursuant to section 440.10(2)(c) of the New York Criminal Procedure Law ("CPL"), such claim was procedurally barred.[3] Horton argues, in reliance on *Massaro v. United States,* 538 U.S. 500 (2003), that he was not required to raise his ineffective assistance claim on direct appeal.  (*See* Objections at p. 14; Dkt. No. 14.)[4]  However, courts have recognized that *Massaro,* which addressed habeas petitions of federal prisoners brought pursuant to 28 U.S.C. § 2255, is inapplicable to habeas petitions of state prisoners brought pursuant to 28 U.S.C. § 2254. *See Sweet v. Bennett,* 353 F.3d 135, 140-41 (2d Cir. 2003); *Tor v. Duncan,* No. 01-cv-3984, 2003 WL 22479250, at *5 (S.D.N.Y. Nov. 4, 2003).

---

[3]The CPL provides that a court must deny a motion to vacate a judgment when, *inter alia:*
> Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him . . .

CPL § 440.10(2)(C).

[4]In *Massaro,* the Court held that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under [28 U.S.C.] § 2255, whether or not the petitioner could have raised the claim on direct appeal."  538 U.S. at 504.

8

Thus,"[w]here the basis for a claim of ineffective assistance of counsel is well established in the trial record, a state court's reliance on [CPL § 440.10(2)(c)] provides an independent and adequate procedural bar to federal habeas review." *Murden v. Artuz,* 497 F.3d 178, 196 (2d Cir. 2007).

The court is inclined to agree with Judge Homer that Horton's ineffective assistance claim was well established on the trial record, and thus could have been raised on direct appeal. However, as Horton suggests, certain cases indicate that in some circumstances counsel's failure to pursue a justification defense is unreviewable on direct appeal. *See, e.g., People v. Palladino,* 849 N.Y.S.2d 542, 543-44 (N.Y. App. Div. 2008) ("Defendant's claim that his counsel rendered ineffective assistance by failing to request such an instruction [on justification in defense of property] is unreviewable on direct appeal because it involves matters outside the record."). Rather than resolve definitively whether Horton's ineffective assistance claim is procedurally barred, the court will adopt Judge Homer's alternative holding that the claim is in any event without

9

merit.  (*See* R&R at pp. 25-31; Dkt. No. 12.)[5]

     As to counsel's decision not to pursue a justification defense, this represents a tactical choice that is "virtually unchallengeable."  *Strickland v. Washington,* 466 U.S. 668, 690 (1984).  It is true, as Horton contends, that a justification defense was not absolutely precluded by Horton's misidentification theory.  *See People v. Steele,* 26 N.Y.2d 526, 529 (N.Y. 1970) (assertion of alibi defense does not preclude justification defense); *People v. Butts,* 72 N.Y.2d 746, 748 (N.Y. 1988) ("It is established New York case law that a defendant's entitlement to a charge on a claimed defense is not defeated solely by reason of its inconsistency with some other defense raised or even with the defendant's outright denial that he was involved in the crime.").  However, counsel could reasonably have concluded that the two defenses were inconsistent and that to assert justification would have undermined the misidentification defense.  Moreover, there was no evidence to support a justification defense.  In his Objections, Horton writes that "the jury may have believed that Simms got off his bike and grabbed Horton's arm and was in possession of a knife

---

[5]A court may reach the merits of an ineffective assistance claim and thereby avoid addressing the procedural bar.  *See Greiner v. Wells,* 417 F.3d 305, 318 n 14 (2d Cir. 2005).

10

[sic] was the initial aggressor and that Horton's actions which may have inflicted serious physical injuries were justifiable act [sic] of self-defense." (Objections at p. 15; Dkt. No. 14.)  But there is nothing in the record to indicate that Simms possessed a knife.[6]  Counsel was not ineffective for having failed to raise a justification defense based on pure speculation that the victim may have possessed a knife.

Accordingly, on *de novo* review, the court adopts Judge Homer's R&R to the extent that it concludes that trial counsel was not ineffective for having failed to pursue a justification defense.  Moreover, as noted in footnote 2, *supra,* upon review for clear error the court adopts Judge Homer's R&R to the extent that it concludes that trial counsel was not ineffective for having failed to request a missing witness instruction and having failed to address the prosecution's failure to present exculpatory evidence to the grand jury.  Finally, in light of this decision on the merits of Horton's ineffective assistance of trial counsel claim, the court need not address Horton's claim that appellate counsel was ineffective for having failed to raise trial counsel's alleged ineffectiveness on direct appeal.

---

[6]Horton has pointed to nothing in the state court records to indicate that Simms possessed a knife, nor did the court find any such evidence upon its own review of the records.

11

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Horton's application for habeas corpus relief is DENIED and his petition is DISMISSED; and it is further

**ORDERED** that Magistrate Judge Homer's December 10, 2007 Report-Recommendation and Order is adopted in its entirety; and it is further

**ORDERED** that because Horton has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability will not be issued; and it is further

**ORDERED** that the Clerk provide copies of this Decision and Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
Dated: March 24, 2008

Gary L. Sharpe
U.S. District Judge